UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re                                                          :
                                                               :    Chapter 11
ADVANCED CONTRACTING SOLUTIONS, LLC,:
                                                               :    Case No. 17-13147 (SHL)
                        Debtor.                                :
---------------------------------------------------------------x

**INTERIM ORDER (I) AUTHORIZING PAYMENT OF PRE-PETITION WAGES, EMPLOYEE BENEFITS AND EXPENSE REIMBURSEMENT, (II) AUTHORIZING AND DIRECTING BANKS TO HONOR CHECKS WITH RESPECT THERETO, AND (III) APPROVING PAYMENT OF POST-PETITION WAGES, EMPLOYEE BENEFITS AND EXPENSE REIMBURSEMENT**

Upon the Motion (the "Motion") of Advanced Contracting Solutions, LLC, (the "Debtor"), the Debtor in the above-captioned chapter 11 case, for entry of interim and final orders pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Rule 6003 of the Federal Bankruptcy Rules (i) authorizing, but not requiring, payment of prepetition wages, employee benefits and expense reimbursement, (ii) authorizing and directing banks to honor checks with respect thereto, and (iii) authorizing, but not requiring, payment of post-petition wages, employee benefits and expense reimbursement; and due and sufficient notice of the relief requested in the Motion having been given under the circumstances, and no other or further notice being necessary or required except as provided herein; and upon the record of the hearing on the Motion; and, after due deliberation, it appearing that the relief granted herein (a) is necessary to avoid imminent and irreparable harm to the Debtor and its estate and (b) provides a net benefit to the Debtor and its estate, taking into account the Debtor's rights under the Bankruptcy Code; and sufficient cause appearing therefor, it is hereby

**ORDERED** that, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Rule 6003 of the Federal Rules of Bankruptcy Procedure, the Debtor is authorized, but not required, to satisfy the Employee Obligations in an aggregate amount not to exceed $735,000, including $710,000 in Prepetition Wages, and $25,000 in Reimbursable Expenses, as set forth in

the Motion, without further Order of the Court, provided that the Debtors shall not pay any individual in excess of $12,850 on account of Employee Obligations; and it is further

**ORDERED** that, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Rule 6003 of the Federal Rules, the Debtor is authorized, but not required, to continue to honor its practices, programs, and policies with respect to its Employees as such practices, programs, and policies were in effect as of the Petition Date, including, but not limited to, payment of post-petition wages, Employee Benefits and expense reimbursement in accordance with the Debtor's stated policies and in the ordinary course of business; and it is further

**ORDERED** that the Debtor is authorized, but not required, to pay costs and expenses incidental to the payment of the Employee Obligations, including all administration and processing costs and payments to outside professionals or independent contractors, in the ordinary course of business, in order to facilitate the administration and maintenance of the Debtor's programs and policies related to the Employee Obligations; and it is further

**ORDERED** that any and all banks or financial institutions are hereby authorized and directed to honor any check issued by the Debtor prior to the Petition Date to pay the Prepetition Wages; and it is further

**ORDERED** that nothing in this Order nor any action taken by the Debtor in furtherance of the implementation hereof shall be deemed an approval of the assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; and it is further

**ORDERED** that nothing in this Order shall impair the ability of the Debtor or an appropriate party in interest to contest any claim of any creditor pursuant to applicable law or otherwise dispute, contest, setoff, or recoup any claim, or assert any rights, claims or defenses related thereto; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

Dated:   New York, New York
         November 9, 2017

                                    */s/ Sean H. Lane*
                                    HONORABLE SEAN H. LANE
                                    UNITED STATES BANKRUPTCY JUDGE