HEARING DATE AND TIME: NO HEARING REQUIRED

Benjamin A. Naftalis
Hugh Murtagh
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: benjamin.naftalis@lw.com
       hugh.murtagh@lw.com

and

Matthew L. Warren (*pro hac vice* pending)
Michael B. Zucker (*pro hac vice* pending)
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: matthew.warren@lw.com
       michael.zucker@lw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
In re                                              :      Chapter 11

ADVANCED CONTRACTING SOLUTIONS LLC,

                                                   :      Case No. 17-13147 (SHL)

            Debtor.
------------------------------------------------------------------ x

**EX PARTE MOTION OF GILBANE RESIDENTIAL CONSTRUCTION LLC FOR
ORDER EXPEDITING CONSIDERATION OF, AND SHORTENING NOTICE PERIODS
APPLICABLE TO EMERGENCY MOTION FOR (A) CONFIRMATION OF THE
INAPPLICABILITY OF THE AUTOMATIC STAY OR, (B) IN THE ALTERNATIVE,
RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(d)**

Gilbane Residential Construction, LLC ("Gilbane") hereby submits this *ex parte* motion

(the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A,

expediting consideration of, and shortening the notice periods applicable to, the *Emergency*

*Motion for (A) Confirmation of the Inapplicability of the Automatic Stay or, (B) In the*

*Alternative, Relief from the Automatic Stay Pursuant to 11 U.S.C. Section 362(d)* [Docket No. 63] (the "Gilbane Motion"),[1] a copy of which is attached hereto as Exhibit B. In support of the Motion, Gilbane respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Sections 105(a) and 362 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 4001 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 4001-1, 9006-1(b) and 9077-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## RELIEF REQUESTED

4. By this Motion, Gilbane respectfully requests that this Court (a) set the Gilbane Motion for hearing on the already scheduled hearing for November 28, 2017 at 11:00 a.m. (Prevailing Eastern Time); and (b) establish an objection deadline of November 28, 2017 at 9:00 a.m. (Prevailing Eastern Time), with replies due prior to the hearing.

## BASIS FOR RELIEF REQUESTED

5. Bankruptcy Rule 9006(c) states that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. Rule Bankr. P. 9006(c); *see also* Local Rule 9006-1(b) (authorizing the

---

[1] Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Gilbane Motion.

2

Court to reduce the notice period required for a hearing); *In re* Relativity Fashion, LLC, *et al.*, Case no. 15-11989 (MEW) [Docket No. 349] (Bankr. S.D.N.Y. Aug. 28, 2015) (shortening time for notice of the hearing to consider debtors' motion establishing procedures for the sale, transfer, or abandonment of miscellaneous assets); *In re LightSquared Inc.*, *et al.*, Case No. 12-12080 (SCC) [Docket No. 149] (Bankr. S.D.N.Y. June 21, 2012) (shortening time for notice of DIP hearing); *In re MF Global Holdings, LTD.*, *et al.*, Case No. 11-15059 (MG) [Docket No. 75] (Bankr. S.D.N.Y. Nov. 14, 2011) (shortening time for notice of hearing to consider debtors' motion for order granting conditional relief from the automatic stay); *In re Chrysler LLC*, 405 B.R. 84, 109 (Bankr. S.D.N.Y. 2009) (shortening notice for hearing on bid procedures to prevent erosion of value of the debtor's assets); *U.S. v. Air Line Pilots Ass'n, Int'l (In re Transworld Airlines)*, 1993 WL 559245, at *7 (D. Del. June 22, 1993) (finding that bankruptcy court did not abuse its discretion by holding hearing on joint fee motion on only six (6) days' notice under Bankruptcy Rule 9006(c), rather than on twenty (20) days' notice as required under Bankruptcy Rule 2002(a)(7)). In addition, Section 105 of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

6. Here, ample cause and exigencies exist to reduce the notice period.[2] First, and perhaps most critically, as set forth in the Gilbane Motion, Gilbane has been informed that the financing sources for the 42 Trinity Project are unwilling to close on the loan for the overall project unless ACS is no longer involved, the Agreement terminated and an adequate replacement for ACS identified and engaged. Accordingly, Gilbane needs to move quickly to secure a replacement contractor in order to maintain the viability of the 42 Trinity Project and

---

[2] Paragraphs 4 through 13 of the Gilbane Motion are incorporated herein by reference.

preserve a project worth hundreds of millions of dollars and which will employ hundreds of workers.

7. Second, ACS has stated in open court that reorganization is not possible, that no substantial progress has been made towards a sale, and that cash reserves are running out as its customers "justifiably" withhold contract payments.[3] Even if ACS is able to secure its hoped-for minimal DIP financing to permit ACS to search for a buyer, the inevitable delays resulting from the disruptions to its operations, and the unwillingness of the financing sources to fund a project that includes ACS, may irrevocably prejudice Gilbane's, TPH's and their subcontractors' and employees' interest in the 42 Trinity Project. Moreover, as set forth in the Gilbane Motion, ACS cannot monetize the Agreement in any way as Gilbane's consent would be required for any assignment and Gilbane's right to terminate for convenience would continue. As such, any delay in addressing the relief sought in the Gilbane Motion only jeopardizes the interests of ACS's creditors, as well as ACS itself given the substantial damages that may result if the 42 Trinity Project is unable to move forward on account of failed financing, with no attendant benefit to ACS or its bankruptcy estate.

8. Accordingly, for the reasons set forth above, it is imperative that the Gilbane Motion be heard and approved on an expedited basis, and *ex parte* relief therefore is warranted.

## NOTICE

9. Notice of this Motion has been provided to: (i) ACS; (ii) counsel to ACS; (iii) the Office of the United States Trustee for the Southern District of New York; (iv) the parties included on ACS's list of twenty (20) largest unsecured creditors; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; and (vii) all parties who have timely

---

[3] Counsel to Gilbane were in attendance at the Second Interim Hearing, and references to the events thereof are based on such counsel's best understanding and recollection. Gilbane will supplement this Motion with citations to the transcript when available.

4

filed requests for notice pursuant to Bankruptcy Rule 2002.  Gilbane submits that no other notice of this Motion need be given.

## **NO PRIOR REQUEST**

10. No prior request for the relief requested herein has been made to this Court or any other court.

*[Remainder of page intentionally left blank]*

## **CONCLUSION**

11. For the foregoing reasons, Gilbane respectfully requests entry of an order, substantially in the form attached hereto as Exhibit A, (a) expediting consideration of and shortening the notice periods applicable to the Gilbane Motion and (b) granting such other and further relief as the Court deems just and proper.

Dated: November 22, 2017
New York, New York

Respectfully Submitted,

**LATHAM & WATKINS LLP**

/s/ Benjamin A. Naftalis
Benjamin A. Naftalis
Hugh Murtagh
885 Third Avenue
New York, New York 10022
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: benjamin.naftalis@lw.com
hugh.murtagh@lw.com

and

Matthew L. Warren (*pro hac vice* pending)
Michael B. Zucker (*pro hac vice* pending)
330 North Wabash Avenue
Suite 2800
Chicago, Illinois 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
Email: matthew.warren@lw.com
michael.zucker@lw.com

*Attorneys for Gilbane Residential Construction, LLC*